UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LORILEI A. GLATT,

Plaintiff,

v.

SACRAMENTO COUNTY, DCFAS.

Defendant.

No.  2:26-cv-02348-DAD-CKD (PS)

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff, proceeding without counsel, filed the complaint in this action, a motion to proceed in forma pauperis, and a motion for temporary restraining order ("TRO"), on July 2, 2026. On July 7, 2026, the assigned district judge referred the motion for TRO to the undersigned pursuant to Local Rule 302. Plaintiff's motion is appropriate for decision without oral argument within the meaning of Local Rule 230(g).  For the reasons set forth below, plaintiff's motion to proceed in forma pauperis will granted, her motion for TRO will be denied, and the undersigned will recommend that this action be dismissed.

I.      **Motion to Proceed In Forma Pauperis**

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. (ECF No. 3.) This proceeding was referred to this court by Local Rule 302(c)(21). Plaintiff has submitted the affidavit required by § 1915(a) showing that she is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis

1

will be granted.  28 U.S.C. § 1915(a).

## II.    Procedural Background

In the complaint, plaintiff seeks "a writ of habeas corpus under 28 U.S.C. § 2241, challenging the unlawful detention of her infant son, B.G., by Sacramento County Child Protective Services."[1] (ECF No. 1 at 1.) Plaintiff names one defendant: Sacramento County Child, Family, and Adult Services (DCFAS).

Plaintiff alleges that, on December 20, 2024, Child Protective Services (CPS) detained her newborn son immediately after birth while she was recovering in the hospital and under sedation. She alleges that "CPS falsified records claiming [the child's] placement was voluntary." (ECF No. 1 at 1.)

Plaintiff indicates that these proceedings are the subject of a Sacramento Superior Court Case, No. JD000276. (Id.) She argues that the superior court has no jurisdiction under state law, in part because the child's removal "was based on fabricated evidence." (Id.) Plaintiff asserts that "the state court's refusal to address this fundamental defect constitutes a violation of [her] due process rights under the Fourteenth Amendment." (Id.)

Plaintiff filed a motion in state court to dismiss the action for lack of subject matter jurisdiction. "The state judge refused to hear the motion . . . and scheduled the matter for July 10, 2026[.]" (Id.) The complaint seeks relief including an emergency TRO "enjoining Respondent from proceeding with the July 10, 2026 state court hearing" and requiring DCFAS "to show cause why the child should not immediately be released to Petitioner's custody." (Id. at 2.)

Similarly, in her motion for TRO, plaintiff seeks an "order to enjoin Sacramento County CPS from proceeding with the dependency court scheduled for July 10 so they can't take further action to separate my son and I." (ECF No. 2.)

////

////

---

[1] While the complaint is styled as a habeas petition under 28 U.S.C. § 2241, the civil cover sheet describes it as a civil rights action under 42 U.S.C. § 1983. (See ECF No. 1-1.) Accordingly, the court's docketing system classified it as a § 1983 action. As a § 2241 petition concerns the length or execution of a prison term after a criminal conviction, it is inapplicable here.

2

### III.   Legal Standard

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the factors that guide the evaluation of a request for preliminary injunctive relief:  whether the moving party is (1) "likely to succeed on the merits," (2) "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4) "an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Courts within this circuit may also consider a request for a temporary restraining order using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." Where Do We Go Berkeley v. California Dep't of Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at 1135).

However, likelihood of success on the merits is the most important Winter factor, and it is relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a likelihood of success on the merits, plaintiff also does not establish that the balance of equities tips in his favor, or that an injunction is in the public interest. See id.; Winter, 555 U.S. at 20-21.

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. See Local Rule 231. Among other things, these rules require "actual notice to the affected party and/or counsel" except in "the most extraordinary of

3

circumstances." Local Rule 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested . . . , and the nature of the relief to be requested." Id.

A court may issue a temporary restraining order "without written or oral notice to the adverse party" only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. See Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at summary judgment or trial. Id.; Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

**IV.    Analysis**

Plaintiff seeks to enjoin an upcoming state court proceeding concerning custody of her minor child. The federal court must abstain from interfering in this proceeding for the reasons explained below.

In a case in this district, Johnson v. El Dorado Superior Court, No. 2:23-cv-02843-DJC-CKD, 2023 WL 8477982 (E.D. Cal. Dec. 7, 2023), the district judge reviewed a motion for a temporary restraining order seeking to prevent the El Dorado County Superior Court "from holding Plaintiff in contempt and issuing a bench warrant for his arrest."  The district judge found that "[p]laintiff's request and this entire action fall directly afoul of the Younger Abstention doctrine[.]" Id. at *1.

In Johnson, the district judge explained:

> Federal courts are generally required to abstain from interfering with ongoing state court proceedings. Younger v. Harris, 401 U.S. 37, 43–45 (1971). Abstention of the federal court is required under Younger

> when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citations omitted).
>
> Here, there are unquestionably ongoing state judicial proceedings, as the core of this action . . . Further, Plaintiff's expressly requested relief, both in the present motion and in his Complaint, is to enjoin both those state court proceedings and other state court proceedings . . . [.] Plaintiff's complaint raises a number of complaints against various California judges but the allegations against these judges do nothing to invalidate the broader availability of adequate remedies in state procedures . . . Accordingly, each of the requirements for Younger Abstention are met and the abstention of the Court is thus required. Arevalo, 882 F.3d at 765.

Id. at *2.

Here, too, there is an ongoing state judicial proceeding that implicates important state interests, namely the protection of children from potentially harmful circumstances. While plaintiff asserts a constitutional challenge to these proceedings, there is an adequate opportunity in the state proceedings to raise constitutional challenges. Third, plaintiff's requested relief seeks to enjoin an ongoing judicial proceeding.  Thus, the requirements for Younger abstention are met.

The district judge in Johnson continued:

> Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, Younger abstention requires dismissal of the federal action." Beltran v. State of Cal., 871 F.2d 777, 782 (9th Cir. 1988). Therefore, the Court will deny Plaintiff's Motion for Temporary Restraining Order and also dismiss this action as required where the requirements are Younger met.  See Juror Number One v. California, No. 2:12-cv-02199-JAM-GGH, 2012 WL 13040661, at *2 (E.D. Cal. Aug. 24, 2012) (finding that Younger Abstention applied while reviewing a Motion for Temporary Restraining Order and dismissing the action).

2023 WL 8477982, *2.  Thus, this federal action is subject to dismissal under the Younger abstention doctrine.[2]

---

[2] The undersigned does not reach the procedural deficiencies of the motion for temporary restraining order under Federal Rule of Civil Procedure 65 and Local Rule 231.

**V.      Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 3) is GRANTED; and

2.  Plaintiff's motion for temporary restraining order (ECF No. 2) is DENIED.

IT IS HEREBY RECOMMENDED THAT this case be dismissed and the Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  July 7, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/glat2348.tro.f&rs

6